IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| CRAIG-BUFF LIMITED PARTNERSHIP, a Nevada Limited Partnership, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 05-507C (Senior Judge Merow) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S PROPOSED FINDINGS OF UNCONTROVERTED FACT

Pursuant to RCFC 56, defendant, the United States, submits the following proposed findings of uncontroverted fact in support of our motion for summary judgment.[1]

1. Plaintiff Craig-Buff Limited Partnership ("Craig-Buff") was a Limited Partnership doing business in the State of Nevada. Comp. General Allegations ¶ 1.[2]

2. In October 1997, Craig-Buff borrowed $799,732 from the AT&T Small Business Lending Corporation, now CIT Small Business Lending Corporation ("CIT"). Comp. ¶ 4. In November 1998, Craig-Buff borrowed $654,000 from New Ventures Capital

---

[1] The factual assertions set forth in our proposed findings of uncontroverted fact that are supported by a citation to plaintiff's complaint are assumed, solely for the purposes of this motion, to be true.

[2] "Comp. ¶ ___" refers to plaintiff's complaint. "Comp. Ex. ___" refers to exhibits attached to plaintiff's complaint. "A ___" refers to the appendix accompanying defendant's motion for summary judgment. We note that plaintiff's complaint contains two paragraphs numbered "1", "2" and "3" in both the "Jurisdiction And Venue" and "General Allegations" portion of the complaint. Where applicable, we include with our citation a reference to these specific portions of the complaint.

Development Company ("New Ventures"), pursuant to section 504 of the Small Business Investment Act of 1958 ("the 504 program"). See 15 U.S.C. §§, 695-697(f) (authorizing development company program 504 loans); Comp. ¶ 5

3. SBA established the 504 program "to foster economic development, create and preserve job opportunities, and stimulate growth, expansion, and modernization of small businesses." 13 C.F.R. § 120.800. The 504 loans typically involve projects requiring "long-term fixed-asset financing for small businesses." 13 C.F.R. § 120.2(c).

4. Both the loan with CIT and the loan with New Ventures were assigned to SBA, which consolidated and serviced both loans. Comp. ¶ 6.

5. On or about October 28, 1997, Craig-Buff borrowed an additional $245,000 from CIT. Comp. ¶ 7. Pursuant to section 7(a) of the Small Business Act, 15 U.S.C. § 636(a) (authorizing general business program loans pursuant to section 7(a) of the Small Business Act), SBA guaranteed 75 percent of this loan. A 1. Plaintiff refers to this loan as "the CIT loan", Comp. ¶ 7, and for purposes of this motion defendant will use the same term. The amount of the CIT loan subsequently was increased to $294,000. Comp. ¶ 9.

6. Section 7(a) loans provide financing for general business purposes and may be either:

> (i) A direct loan by SBA;
>
> (ii) An immediate participation loan by a Lender and SBA; or
>
> (iii) A guaranteed (deferred participation) by which SBA guarantees a portion of a loan made by a Lender.

13 C.F.R. § 120.2(a).

7. Craig-Buff, CIT, and SBA executed an "Authorization and Loan Agreement" concerning the CIT loan, which set forth obligations of the parties pursuant to the CIT loan. A 1-12. The agreement contained no obligation of SBA to provide to Craig-Buff payoff information on the CIT loan. Id.

8. The CIT loan was neither a direct nor immediate participation loan; rather, SBA guaranteed a portion of the CIT loan. Comp. ¶ 7. A copy of the Authorization and Agreement, which sets forth the SBA's guaranty amount, is included in the appendix to this motion. A 1; see also 13 C.F.R. § 120.2(a)(iii) (where SBA issues a guaranteed loan pursuant to section 7(a), "SBA guarantees a portion of a loan made by a Lender").

9. Both the SBA loans and the CIT loan were secured by real property and improvements located at 4620 East Russell Road, Las Vegas, Nevada. Comp. ¶ 11.

10. On or about April 7, 2004, Craig-Buff entered into an agreement to sell the property securing the three loans for $2.5 million. Comp. ¶ 13. In early June 2004, the prospective

purchaser informed Craig-Buff that it was unable to consummate the $2.5 million sale. Comp. ¶ 16.

11. In response to Craig-Buff's inquiry regarding the "SBA Loans," the SBA informed Craig-Buff that the payoff amount for the SBA loans was $1,763,643.62. Comp. ¶ 18.

12. On or about July 21, 2004, Craig-Buff entered into an agreement to sell the property securing the three loans for $2,300,000. Comp. ¶ 21.

13. On or about July 22, 2004, SBA informed Craig-Buff that the payoff figure of $1,763,643.62 did not include the amount to payoff the CIT loan. Comp. ¶ 22.

14. By letter dated July 27, 2004, SBA informed Nevada Title Company, the escrow agent under the purchase agreement, that the payoff amount for the two SBA consolidated loans was $1,763,643.62, and the payoff amount for the CIT loan was $312,209.85. Comp. ¶ 23, Comp. Ex. 4.

15. Craig-Buff proceeded with sale of the property pursuant to the agreement identified in DPFUF 12.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Brian M. Simkin
BRIAN M. SIMKIN
Assistant Director

OF COUNSEL:

TIMOTHY TREANOR
Small Business
Administration

s/ David B. Stinson
DAVID B. STINSON
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 307-0163
Fax: (202) 514-8624

August 26, 2005

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on August 26, 2005, a copy of the foregoing "DEFENDANT'S PROPOSED FINDINGS OF UNCONTROVERTED FACT" were filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ David B. Stinson
DAVID B. STINSON